UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KASEY STARKEN, | Case No. 2:25-cv-00045-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| AMAZON.COM, INC., WILLIAM A. MORGAN, WANDA KAY CARSON, MATTHEW PEARCE, EDUARDO ESCALANTE, MIKENNA MCENTEE, TIMOTHY EICHHORN, DARELL BALDWIN, DEVONE BITSEEDY, MICHAEL KAISER, JANON PESCIO, | |
| Defendants. | |

Pending before the Court is Plaintiff's *ex parte* Motion seeking permission to serve various individual defendants through alternative means because Plaintiff does not have such Defendants' addresses. ECF No. 41. Plaintiff is advised that he may **not** file motions *ex parte*, which means without serving Defendants who have appeared in this matter, unless permitted by law or Court order to do so. There is no basis for an *ex parte* motion seeking alternative service.

Rule 4 of the Federal Rules of Civil Procedure ("FRCP") establishes the methods for service of civil complaints filed in federal court. FRCP 4(e)(1) allows for service following the laws of the state in which the federal court is located. Nevada Rule of Civil Procedure 4.4 allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed alternative service meets the requirements of due process. When considering a request to serve a defendant by alternative means the Nevada Supreme Court asks the underlying courts to take into consideration attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating a defendant, such as consulting public directories. *Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds, NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (and noting that *Price* otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair*

1

*v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). Plaintiff has not demonstrated any effort to serve the individual Defendants and, thus, he has not met his burden regarding the need for alternative service.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Alternative Service (ECF No. 41) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff and Defendants who have appeared and filed a responsive pleading **must** hold a FRCP Rule 26(f) meeting regarding a discovery plan and scheduling order, which must be filed no later than **March 28, 2025**.

IT IS FURTHER ORDERED that following the filing of a discovery plan and scheduling order, Plaintiff may propound discovery on Defendants in an attempt to learn the addresses at which the individual Defendants may be served. Plaintiff may also use public databases to learn such addresses or employ a process server to attempt to locate such Defendants. To the extent address information is considered confidential, the parties **must** agree in writing that Plaintiff will not use addresses provided by Defendants for any purpose whatsoever other than service of the complaint and other papers related to this lawsuit. No publication of such addresses can be made for any purpose whatsoever. No publication means nothing may be posted on any form of media or communication outlet such as social media platforms that displays the personal addresses of individual Defendants.

IT IS FURTHER ORDERED that the Court *sua sponte* extends the time within which Plaintiff may attempt service on the individual Defendants not yet served to **May 15, 2025**, which should allow sufficient time to receive responses to discovery requests and/or allow Plaintiff to use other means to locate the individual Defendants and serve them.

IT IS FURTHER ORDERED that Plaintiff's Motion for Alternative Service at ECF No. 31 is DENIED as moot.

Dated this 5th day of March, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE