UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KASEY STARKEN, | Case No. 2:25-cv-00045-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| AMAZON.COM, INC., WILLIAM A. MORGAN, WANDA KAY CARSON, MATTHEW PEARCE, EDUARDO ESCALANTE, MIKENNA MCENTEE, TIMOTHY EICHHORN, DARELL BALDWIN, DEVONE BITSEEDY, MICHAEL KAISER, JANON PESCIO, | |
| Defendants. | |

Pending before the Court is Defendant Amazon.com, Inc.'s Motion for Partial Stay of Discovery.[1] ECF No. 53. The Court considered the Motion and Plaintiff's Response. ECF No. 56. Defendant seeks a stay of all discovery except the specific discovery related to addresses for individually named but unserved Defendants as stated in the Court's Order at ECF No. 46. Defendant explains that Plaintiff's claims are barred by the failure to exhaust administrative remedies, applicable statute of limitations, or otherwise by law. A review of Plaintiff's Response to Defendant's Motion for Partial Stay of Discovery does not undermine Defendant's argument.

**I.  Discussion**

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, a court may limit discovery for good cause and continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why

---

[1] Amazon.com, Inc. is referred to herein as "Defendant."

1

the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

Moreover, the Court adopts a standard when reviewing the merits of the motion to dismiss that best effectuates Fed. R. Civ. P. 1 goals for the "just, speedy, and inexpensive" determination of actions. *Id*. at 602-03. Even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. Further, motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011). For this reason, courts in the U.S. District of Nevada hold that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603 (discussing holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989), and *Turner Broadcasting*, 175 F.R.D. 554). After taking a preliminary peek at the pending Motion to Dismiss, the Opposition, and Reply, the Court grants the Motion for Partial Stay of Discovery.

Defendant demonstrates that Plaintiff has not exhausted her administrative remedies with respect to her Title VII or Americans with Disabilities Act claims. ECF No. 42 at 4-5, 7. Exhaustion of administrative remedies is a prerequisite to bringing these claims before the Court. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). Defendant also demonstrates that Plaintiff's Family and Medical Leave Act and state law claims are barred by applicable statute of limitations. ECF No. 42 at 9-10. Any additional claims are not causes of action on which Plaintiff can proceed. *Id*. at 11-13. Plaintiff's response to Defendant's Motion to Dismiss does not establish that Defendant's arguments, based in law and on the allegations in Plaintiff's operative Complaint, require discovery

before a reasoned decision can be reached. Indeed, the Court is sufficiently convinced that Defendant's Motion to Dismiss will succeed to support the partial stay of discovery requested.

This stay does not impact Plaintiff's right to serve any of the individual Defendants who has not yet been served. Any Defendant who appears in the future must, if such Defendant wishes, seek a stay of discovery after service of a pleading responsive to Plaintiff's operative Complaint. This Order also does stay discovery as it may pertain to Defendant Matthew Pearce who did not join in or otherwise move to stay discovery.

## II.     Order

IT IS HEREBY ORDERED that Defendant Amazon.com, Inc.'s Motion for Partial Stay of Discovery (ECF No. 53) is GRANTED.

IT IS FURTHER ORDERED that the stay of discovery applicable to Amazon.com is effective through the date on which the pending Motion to Dismiss is decided by Order of the Court.

IT IS FURTHER ORDERED that if the Order addressing the Motion to Dismiss does not dispose of the dispute between Amazon.com and Plaintiff in its entirety, the parties **must** meet and confer for the purposes of preparing and filing a discovery plan and scheduling order no later than fourteen (14) days after the Motion to Dismiss is ruled upon. A proposed discovery plan and scheduling order **must** be filed within twenty-eight (28) days after such ruling is issued.

IT IS FURTHER ORDERED that this stay of discovery does not pertain to Defendant Matthew Pearce. Nor does this stay prevent Plaintiff from seeking and obtaining addresses for other individual defendants who are not yet served.

Dated this 25th day of March, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE