UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KASEY STARKEN,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., WILLIAM A. MORGAN, WANDA KAY CARSON, MATTHEW PEARCE, EDUARDO ESCALANTE, MIKENNA MCENTEE, TIMOTHY EICHHORN, DARELL BALDWIN, DEVONE BITSEEDY, MICHAEL KAISER, JANON PESCIO,<br><br>Defendants. | Case No. 2:25-cv-0045-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Alternative Service on Defendant Timothy Eichhorn ("Eichhorn"). ECF No. 110.

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. Nevada Rule of Civil Procedure 4.4 allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed alternative service meets the requirements of due process. When considering a request to serve a defendant by alternative means the Nevada Supreme Court asks the underlying courts to take into consideration attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating a defendant, such as consulting public directories. *Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds, NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (and noting that *Price* otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). However, plaintiffs are not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015).

1

The alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, Plaintiff's Motion demonstrates reasonable efforts to serve Eichhorn have been made. Plaintiff seeks to serve Eichhorn by U.S. Mail, electronic mail, posting a summons and complaint to his door, and other methods deemed appropriate by the Court. Unfortunately, Plaintiff offers no evidence that she has a verified email address for Eichhorn and, hence, the Court cannot find this method of service is reasonably calculated to apprise Eichhorn of the pendency of this action. However, Eichhorn's last known address was verified by the leasing office at his apartment complex as recently as January 25, 2025, the Court finds the following methods of alternative service are acceptable: (1) Regular U.S. Mail; (2) Certified U.S. Mail, Return Receipt Requested; and (3) posting the summons and complaint to Eichhorn's front door. Plaintiff may, if she has an email address for Eichhorn, also send the Summons and Complaint to him by email with a receipt request.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Alternative Service (ECF No. 110) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must, no later than **May 27, 2025**, file a Status Report with the Court that:

- Confirms the date on which Plaintiff placed the Summons and Complaint in U.S. First Class Mail to Defendant Eichhorn's last know mailing address;
- Confirms the date on which Plaintiff placed the Summons and Complaint in U.S. Certified Mail, Return Receipt Requested to Defendant Eichhorn's last known mailing address; and
- Provides proof that a licensed process server has either successfully or reasonably attempted to affix a copy of the Summons and Complaint to the front door of Defendant Eichhorn's last known address.

1     IT IS FURTHER ORDERED that Plaintiff may email a copy of the Summons and Complaint to any email address that is reasonably believed to be associated with Defendant Eichhorn. If Plaintiff emails the Summons and Complaint to Defendant Eichhorn she must include in the May 27, 2025 Status Report the addresses to and dates on which the documents were emailed.

     IT IS FURTHER ORDERED that upon receipt and satisfaction of compliance with this Order, the Court may enter a subsequent Order finding Defendant Eichhorn effectively served on the last date on which the above efforts to accomplish alternative service is completed.

     Dated this 5th day of May, 2025.

     _____
     ELAYNA J. YOUCHAH
     UNITED STATES MAGISTRATE JUDGE