UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KASEY STARKEN,<br><br>   Plaintiff,<br><br> v.<br><br>AMAZON.COM, INC., WILLIAM A. MORGAN, WANDA KAY CARSON, MATTHEW PEARCE, EDUARDO ESCALANTE, MIKENNA MCENTEE, TIMOTHY EICHHORN, DARELL BALDWIN, DEVONE BITSEEDY, MICHAEL KAISER, JANON PESCIO,<br><br>   Defendants. | Case No. 2:25-cv-00045-RFB-EJY<br><br>**ORDER** |

  Pending before the Court is Plaintiff's Motion for Sanctions Due to Defendants' Bad Faith. ECF No. 57. Defendant Amazon.com, Inc., opposes the Motion in which Defendant Matthew Pearce joins. ECF Nos. 74, 91 respectively. In addition to these filings, Plaintiff filed a Motion for Leave to file Reply in Support of her Motion for Sanctions at ECF No. 57 (ECF No. 100), which Amazon opposes (ECF No. 107). Plaintiff filed a Reply in support of her Motion to File a Reply at ECF No. 111. Plaintiff's Motion for Sanctions demonstrates her misunderstanding of how civil litigation and discovery works, as well as on what bases sanctions may be awarded.

  Specifically, Plaintiff alleges that Amazon is liable for violations of federal anti-discrimination laws and, despite her separation from employment, contends there is ongoing conduct that is discriminatory and retaliatory. Plaintiff throws in a reference to due process, and mentions Rule 37 as the basis for her sanctions. Plaintiff makes many accusations that are unsupported, complains she was not allowed to proceed with certain claims asserted, and concludes "Defendants have demonstrated bad faith by denying the validity of … [her] claims while refusing … to produce

1

relevant documents …." ECF No. 57 at 5. Plaintiff argues the merits of her claim stating Defendants have not refuted her evidence (*id*. at 6-8) and asks for sanctions. *Id*. at 8.[1]

The Court has broad discretion to grant or deny sanctions for violation of discovery obligations under Federal Rule of Civil Procedure 37. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763 (1980). Under the Court's inherent authority, it may grant sanctions for a party's (1) bad faith in knowingly or recklessly raising frivolous claims or arguments or (2) making reckless misstatements for an improper purpose. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Here, there is no evidence of bad faith. A review of the docket in this matter, and of Plaintiff's exhibits, demonstrates there is no conduct engaged in by Amazon that is reckless, vexatious, wanton or oppressive. Defendant is not required to admit to wrongdoing or agree with Plaintiff's assertion of facts and law. Amazon, and other defendants, are entitled to defend against Plaintiff's accusation.

Moreover, as noted by Amazon, Plaintiff has not propounded discovery, which, of course, is stayed to some extent while Amazon's Motion to Dismiss is pending (ECF No. 61).[2] It is through discovery (interrogatories and document requests drafted and served in compliance with Federal Rules of Civil Procedure 33 and 34) that Plaintiff may, if her claims survive dismissal, seek information from Amazon in support of her claims. In the absence of discovery abuses there is no basis for sanctions under Rule 37.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions due to Defendants' Bad Faith (ECF No. 57) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Reply in Support of her Motion for Sanctions (ECF No. 100) is DENIED as moot.

Dated this 5th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's Reply, which is the subject of ECF No. 100, was reviewed by the Court and offers no additional information or argument that alters the Court's decision.

[2] The Court notes additional motions to stay discovery are pending and will be decided separately.