UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KASEY STARKEN, | Case No. 2:25-cv-00045-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| AMAZON.COM, INC., WILLIAM A. MORGAN, WANDA KAY CARSON, MATTHEW PEARCE, EDUARDO ESCALANTE, MIKENNA MCENTEE, TIMOTHY EICHHORN, DARELL BALDWIN, DEVONE BITSEEDY, MICHAEL KAISER, JANON PESCIO, | |
| Defendants. | |

Pending before the Court is Amazon.com, Inc., Eduardo Escalante, Kay Burgess, Timothy Eichhorn, William Morgan, and Mikenna McEntee's ("Defendants") Motion for Extension of Time to File Opposition to Plaintiff's Motions for Default, to Add Party, and to Supplement. ECF No. 183. Defense counsel argues good cause exists to extend the due date for responses to Plaintiff's Motions from December 23, 2025 to January 6, 2026 based on scheduling obligations, workload limitations, and holiday plans. *Id*. Plaintiff argues Defendants' Motion should be denied because a request for default is ministerial, defense counsel seeks relief for individuals who have not appeared, and Defendants fail to establish good cause for the delay requested. ECF No. 186.

The Court has broad discretion to manage its docket. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 ("The district court is given broad discretion in supervising the pretrial phase of litigation ….") quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985); *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (district courts have inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Given that Defendants' responsive to Plaintiff's Motions are currently due on December 23, 2025,

1

the federal courts are now closed December 24 through 26, 2025, and again on January 1 and 2, 2026, an extension of time to January 6, 2026 will not cause delay in resolution of issues before the Court.  Further, Plaintiff offers no support for his conclusion that Defendants improperly seek to oppose a motion for default.  Indeed, the Court found nothing that precludes such a procedural step.  Moreover, a notice of appearance is not required by this Court's local rules or the Federal Rules of Civil Procedure to effect representation of a party.

The Court finds Defendants request for an extension of time adds up to three court days is sufficiently supported to establish good cause for the request.

Accordingly, IT IS HEREBY ORDERED that Motion for Extension of Time to File Opposition to Motion for Default, Motion to Add Party, and Motion to Supplement (ECF No. [183]) is GRANTED.

Dated this 22nd day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE