UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KASEY STARKEN, | Case No. 2:25-cv-00045-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| AMAZON.COM, INC., WILLIAM A. MORGAN, WANDA KAY CARSON, MATTHEW PEARCE, EDUARDO ESCALANTE, MIKENNA MCENTEE, TIMOTHY EICHHORN, DARELL BALDWIN, DEVONE BITSEEDY, MICHAEL KAISER, JANON PESCIO, | |
| Defendants. | |

Before the Court are Plaintiff's two substantially similar motions seeking "clarification of representation and potential conflicts." ECF Nos. 188 and 193. A review of the docket, which Plaintiff is capable of doing without Court assistance, demonstrates all served Defendants (Amazon.com, Inc., William A. Morgan, Kay Burgess, Matthew Pearce, Eduardo Escalante, Mikenna McEntee, Timothy Eichhorn, Darell Baldwin, DeVone Bitseedy, and JaNon Pescio) are represented by Littler Mendelson. In addition to Littler Mendelson, Matthew Pearce is represented by Kurt A Smith of Smith Legal Group. No separate and individual notices of appearance must be filed. The appearance of counsel on behalf of a party is sufficient to establish representation before this Court. Michael Kaiser has not appeared in this matter.

No notice of appearance is required for individuals who have not been named as Defendants and, therefore, have not been served with a summons and complaint. If Plaintiff is unsure whether an individual is represented by Littler Mendelson, Plaintiff must communicate directly with that firm and ask.

There are no representation irregularities for the Court to address in this matter and there is no management or supervision of defense counsel the Court finds necessary or appropriate.

With respect to prior efforts to stipulate to dismiss a particular Defendant, the Court has no authority to force such stipulation. If Plaintiff seeks to dismiss a particular Defendant, Plaintiff may file a motion to dismiss.

With respect to the request to clarify the certificate of interested parties, this is denied. Whether a particular individual is now or was retired at some point in time is not germane to the information required under LR 7.1-1. If employment status of any party is important to Plaintiff's claims, Plaintiff may, if and when discovery is no longer stayed, seek such information through discovery.

The pending requests for default are briefed and will be decided by the District Judge assigned to this case and are not addressed in this Order.

A review of the record before the Court demonstrates there is no conflict of interest that needs to be addressed.

Accordingly, IT IS HEREBY ORDERED that to the extent this Order clarifies concerns expressed by Plaintiff in the Motions seeking Clarification of Representation and Potential Conflicts (ECF Nos. 188 and 193) those Motions are GRANTED.

IT IS FURTHER ORDERED that except as expressly stated herein, Plaintiff's Motions for Clarification are DENIED.

IT IS FURTHER ORDERED that Plaintiff is not to seek further "clarification" of matters that are readily apparent from the docket. Continued inappropriate motion practice may lead to sanctions or a recommendation that Plaintiff be declared vexatious.

Dated this 30th day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE