**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KASEY STARKEN,

        Plaintiff,

    v.

AMAZON.COM, INC., *et al.*,

        Defendants.

Case No. 2:25-cv-00045-RFB-EJY

**ORDER**

Before the Court for consideration is the (ECF No. 141) Report and Recommendation of Elayna J. Youchah, United States Magistrate Judge, entered on July 25, 2025. Also pending is Plaintiff's (ECF No. 180) Motion for Leave to File Supplemental Brief in support of her (ECF No. 144) Objection to the instant Report and Recommendation. For the following reasons, the Court accepts and adopts the Report and Recommendation in part, and modifies it in part, and denies Plaintiff leave to belatedly supplement her Objection. The Court grants Plaintiff one *final* opportunity to amend her claim for racial discrimination under 42 U.S.C. § 1981 as to Defendant Amazon.com Services LLC *only*, dismisses all other claims and Defendants with prejudice, and denies all other pending dispositive and related miscellaneous Motions as moot.

The Court also finds Plaintiff has engaged in a practice of improper motion practice since this litigation began, despite numerous warnings. See, e.g., ECF No. 196 ("continued inappropriate motion practice may lead to sanctions or a recommendation that Plaintiff be declared vexatious.") Thus, as discussed below, the Court stays all filings by the parties other than (1) Plaintiff's fourth amended complaint to be filed in compliance with this order; (2) briefing on any motion to dismiss filed by Amazon.com Services LLC in response to Plaintiff's forthcoming fourth amended complaint; and (3) necessary administrative filings such as to notify the Court of a party's change

in address or counsel.

## I.    STANDARD OF REVIEW AND PROCEDURAL BACKGROUND

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Pursuant to Local Rule IB 3-2(a), objections were due by August 8, 2025. On August 4, 2025, Plaintiff timely filed an objection. See ECF No. 147. On December 8, 2025, four months after the deadline to file objections, Plaintiff filed a Motion to supplement her objection with a brief that contains new factual allegations purportedly addressing deficiencies described in Judge Youchah's Report and Recommendation, which were not contained in in her proposed amended pleading that is the subject of the Report and Recommendation. See ECF Nos. 179-180.

Judge Youchah's Report and Recommendation recommends that Plaintiff's Motion to Amend her Complaint, which was fully briefed, see ECF Nos. 71, 95 99, be denied. See ECF No. 141. In seeking leave to amend, Plaintiff asserted her proposed Fourth Amended Complaint ("FAC") seeks to clarify her claims under 42 U.S.C. § 1981 and for Intentional Infliction of Emotional Distress ("IIED"). The FAC also seeks to join Amazon.com Services, LLC., Plaintiff's employer, as a Defendant, where in the current operative complaint, the only corporate Defendant is Amazon.com, Inc.

The Report and Recommendation (R&R) recommends that Plaintiff be denied leave to amend her complaint because the proposed FAC fails to state a claim upon which relief could be granted. The R&R further recommends Plaintiff be denied any further leave to amend because amendment would be futile as to Plaintiff's ADA, Title VII, FMLA, and defamation claims, since they are barred as a matter of law based on a failure to exhaust administrative remedies or the applicable statute of limitations. The R&R further recommends that Plaintiff be denied leave to amend her IIED claim and 42 U.S.C. § 1981 claim because although amendment could potentially

cure the deficiencies in the proposed FAC, this is Plaintiff's fifth attempt to amend those claims.

Plaintiff's Objection appears to take issue with the entirety of Judge Youchah's R&R; therefore, the Court addresses each aspect of the R&R *de novo*.

### 1.    Leave to Amend

"Although Federal Rule of Civil Procedure 15(a) provides that leave to amend 'shall be freely given when justice so requires,' it 'is not to be granted automatically.'" In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013), aff'd sub nom. Oneok, Inc. v. Learjet, Inc., 575 U.S. 373 (2015) (quoting Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990). Courts in the Ninth Circuit consider the following five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990).

## II.    DISCUSSION

### A.    Motion for Leave to File Supplemental Brief in Support of Objection

First, the Court declines to grant Plaintiff leave to file a supplemental brief in support of her objection to the R&R. The proposed supplemental brief attempts to add additional factual allegations to her proposed amended complaint that she contends will cure the deficiencies in her claim for racial discrimination under 42 U.S.C § 1981. The Court declines to allow Plaintiff to supplement her objection because Plaintiff cannot amend her complaint through a brief. See Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1198 n. 1 (9th Cir. 1998). Rather, all factual allegations underlying each claim against each defendant must be contained in the operative complaint. As discussed below, the Court will grant Plaintiff *one final opportunity* to amend her 42 U.S.C. § 1981 claim against Amazon.com Services, LLC *only*, to address the deficiencies identified in this order.

### B.    Adding Amazon.com Services LLC

Plaintiff objects to the R&R's recommendation that she be denied leave to *join* Amazon.com Services LLC, who she acknowledges is her employer, rather than *substitute* Amazon.com Services LLC for the only currently named corporate defendant: Amazon.com, Inc.

Plaintiff asserts that she should be granted leave to join rather than substitute Amazon.com Services LLC because both Amazon entities operate jointly and therefore Amazon.com, Inc. may be jointly liable for employment discrimination based on shared management, policies, and human resource protocols.

Federal law "recognizes that two entities may simultaneously share control over the terms and conditions of employment, such that both should be liable for discrimination relating to those terms and condition." U.S. Equal Emp. Opportunity Comm'n v. Glob. Horizons, Inc., 915 F.3d 631, 637 (9th Cir. 2019). In the Ninth Circuit, the common-law agency test determines whether an entity can be held liable as an employer for discrimination. Id. That "fact-intensive" test considers a non-exhaustive list of factors which center around whether the entity sued as a joint employer has the requisite amount of control over the terms and conditions over a plaintiff's employment. Id. (quoting Nationwide Mutual Ins. Co v. Darden, 504 U.S. 318, 323-24 (1992)). Here, the determinative question is "the extent of control" that Amazon.com, Inc. exercised over the details of Plaintiff's work during her employment with Amazon.com Services LLC such that she could state a plausible employment discrimination claim against Amazon.com, Inc as a joint employer.

Plaintiff's proposed FAC contains no specific, non-conclusory allegations as to Amazon.com, Inc. that suggest that corporate entity exercised the requisite amount of control over her employment to be liable for alleged employment discrimination under the common-law agency test. The allegation that both entities shared management and human resources policies and protocols is both conclusory and insufficient. Indeed, Plaintiff's Motion for Leave to Amend concedes that Amazon.com, Inc. is not her employer and that "Amazon.com Services LLC is the correct legal entity responsible for the employment relationship at issue." ECF No. 71 at 2. Accordingly, the Court concurs with the R&R's recommendation that Plaintiff should not be granted leave to amend her complaint as to Amazon.com, Inc., because Plaintiff has already had multiple opportunities to plead specific factual allegations as to that entity, and the Court finds further amendment would be futile. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) ('[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citation omitted). Thus, as

discussed below, the Court will only grant Plaintiff leave to amend her complaint as to her 42 U.S.C § 1981 claim against her former employer, Amazon.com Services LLC. Plaintiff is denied leave to amend as to Amazon.com, Inc. and that party is dismissed from this case with prejudice.

### C.      Plaintiff's IIED Claim

To establish a cause of action for intentional infliction of emotional distress under Nevada law, a plaintiff must establish "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." Star v. Rabello, 625 P.2d 90, 92 (1981). "In a case where no physical injury occurred, proof of serious emotional distress causing physical injury or illness must be presented." Olivero v. Lowe, 995 P.2d 1023, 1026 (2000). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." Maduike v. Agency Rent-A-Car, 953 P.2d 24, 26 (Nev. 1998) (internal quotation marks and citation omitted).

The Court agrees with the R&R's finding that Plaintiff's proposed pleading contains no specific, nonconclusory allegations against named Defendants sufficient to state an IIED claim. Rather, the FAC alleges non-parties stalked and harassed her. The FAC also lacks any allegation that Plaintiff suffered serious emotional distress that caused physical injury or illness. Moreover, the Court concurs with the R&R's finding that Plaintiff's allegations regarding employment discrimination do not rise to the level of extreme and outrageous conduct under Nevada law. Accordingly, considering Plaintiff's previous amendments and because the Court finds further amendment of the IIED claim would be futile, the Court adopts the R&R as to Plaintiff's IIED claim and dismisses that claim with prejudice.

### D.      Plaintiff's "Federal Question," Americans with Disabilities Act, Title VII, and § 1983 Claims

The Court agrees with the R&R's finding that Plaintiff's "Federal Question" claim is not a cognizable claim for a relief, and therefore denies Plaintiff leave to amend as to that claim and dismisses it with prejudice.

The Court further agrees with the R&R's finding that amendment as to Plaintiff's claim

under the Americans with Disabilities Act (ADA) and Title VII should be denied as futile due to Plaintiff's failure to exhaust her administrative remedies. Exhaustion of administrative remedies is a prerequisite to adjudication of claims for discrimination under Title VII and the ADA. See Josephs v. Pac. Bell, 443 F.3d 1050, 1061 (9th Cir.2006) (a plaintiff must file administrative charge before filing ADA suit); Lyons v. England, 307 F.3d 1092, 1103 (9th Cir.2002) ("a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim"). Exhaustion requires that the complainant file a timely charge with the Equal Employment Opportunity Commission (EEOC), thereby allowing the agency to investigate the charge. See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(f). A plaintiff timely files a charge with the EEOC if the charge is filed "within 180 days from the last act of alleged discrimination" or, in a state like Nevada that has its own local agency, within 300 days of the last discriminatory act. Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1175 (9th Cir. 1999). Plaintiff does not dispute that she failed to exhaust her administrative remedies, but simply asserts that the issue of administrative exhaustion should be resolved through discovery or motion practice. However, the Court concurs with the R&R's finding that in the absence of any affirmative allegation by Plaintiff that she timely exhausted her administrative remedies, amendment as to her ADA and Title VII would be futile. The Court thus adopts the R&R as to Plaintiff's Title VII and ADA claims and dismisses those claims with prejudice.

The Court further concurs with the R&R's finding that amendment as to Plaintiff's claim under 42 U.S.C. § 1983 would be futile because the FAC contains no allegation that Defendants (a private corporation and private individuals) were state actors or acting under color of state law. The Court thus adopts the R&R as to Plaintiff's § 1983 claim and dismisses that claim with prejudice.

### E.   Plaintiff's FMLA and Defamation Claims

The Court agrees with the R&R's finding that Plaintiff's claims under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617 are time barred. Plaintiff alleges she was granted FMLA leave from February 17, 2021 through February 26, 2021, but was forced to return to work early on February 20, 2021. Plaintiff first commenced this action by filing her Complaint against

Defendants on January 8, 2025. See ECF No. 1. The statute of limitations for a private lawsuit alleging FMLA violations requires that a complaint must filed within two years after the last action which is alleged to violate the FMLA occurred. See 29 U.S.C. § 2617(c)(1). Where a violation of FMLA rights is willful, the statute of limitations is extended to three years. See 29 U.S.C. § 2617(c)(2); Olson v. U.S. by and through Dept. of Energy, 980 F.3d 1334, 1338 (9th Cir. 2020). Here, Plaintiff's FMLA claims are time barred whether the two- or three-year statute of limitations applies, because Plaintiff filed her complaint more than three years after the last alleged FMLA violation occurred. The Court thus adopts the R&R as to Plaintiff's FMLA claims and dismisses those claims with prejudice.

The Court also agrees with the R&R's finding that Plaintiff's defamation claims are time barred. A claim for defamation under Nevada law has a two-year statute of limitations. See Nev. Rev. Stat. 11.190(4)(c). Plaintiff's defamation allegations center on events occurring during her employment, which ended in August 2021. The statute of limitations thus ran in August 2023. Since Plaintiff did not commence this action until January 2025, her defamation claims are time barred. The Court thus adopts the R&R as to Plaintiff's defamation claims and dismisses those claims with prejudice.

**F.      Plaintiff's 42 U.S.C. § 1981 Claim**

The Court now turns to Plaintiff's § 1981 claim for racial discrimination in her employment. The R&R finds Plaintiff's FAC fails to state a claim for racial discrimination under 42 U.S.C. § 1981 and recommends leave to amend be denied since this is her fifth attempt to plead this claim. For the following reasons the Court agrees the proposed FAC fails to state a claim under § 1981 but finds Plaintiff should be afforded *one final opportunity* to amend her complaint as to the § 1981 claim against Amazon.com Services LLC *only*.

Section 1981 offers relief when racial discrimination impairs a contractual relationship. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006). To plausibly allege a § 1981 claim, a plaintiff "must show intentional discrimination on account of race." Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). In addition, "a plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." Comcast Corp. v.

Natl. Assn. of African Am.-Owned Media, 589 U.S. 327, 341 (2020). Thus, "[i]f the defendant would have responded the same way to the plaintiff even if [she] had been" non-hispanic, then "the plaintiff received the 'same' legally protected right as" that member of a favored race and the plaintiff cannot prevail. Id. "Conversely, if the defendant would have responded differently but for the plaintiff's race, it follows that the plaintiff has not received the same right as a white person." Id.

Plaintiffs FAC alleges that Defendants engaged in intentional discrimination based on her race as a "Hispanic/Latino individual," by denying her "reasonable accommodations and career advancement opportunities" including "internal transfers and promotions" without justification, while non-Hispanic employees with comparable medical or disability needs were granted appropriate accommodations and were granted internal transfers and promotions despite having comparable qualifications. See ECF No. 71. Plaintiff further alleges she was overloaded with work assignments that were not required of non-Hispanic colleagues and received unjustifiably poor performance evaluations.

The R&R finds that the FAC fails to adequately identify comparators that would allow for an inference of intentional discrimination. However, the R&R appears to apply the *prima facie* elements for an intentional discrimination claim which is inapplicable at the pleading stage. See Maduka v. Sunrise Hosp., 375 F.3d 909 (9th Cir. 2004) (holding that the determination of whether "similarly situated individuals outside [the plaintiff's] protected class were treated more favorably" is a determination appropriate for summary judgment but not for purposes of assessing the sufficiency of a complaint). Rather at the dismissal stage, courts "allow[ ] lawsuits based on conclusory allegations of discrimination to go forward,." Id. (quoting Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002)) (alterations in original).

Nevertheless, the Court finds Plaintiff's § 1981 claim, as plead in the FAC, fails because it does not allege with sufficient particularity allegations sufficient to give rise to an inference that but-for her race, she would not have suffered the denial of reasonable accommodations, internal transfers, and promotions, would not have received unjustifiably poor performance reviews, and would not have been overloaded with work assignments. The FAC also fails to plead with

sufficient particularity what internal transfers and promotions she was denied, and when, what work assignments she was overloaded with and when, and fails to specifically identify the non-Hispanic similarly situated employees who were granted those transfers and promotions. Likewise, the FAC references negative performance reviews without specifying when those performance reviews occurred and the substance of those performance reviews. The FAC also fails to plead that but for her race, Plaintiff would not have received those negative performance reviews. Finally, the FAC fails to identify non-Hispanic comparators who were granted reasonable accommodations that Plaintiff was denied with adequate specificity.

Accordingly, the Court adopts the R&R as to Plaintiff's § 1981 claim, and denies leave to amend the § 1981 claim as pled in the proposed FAC. However, the Court declines to adopt the R&R to the extent it recommends Plaintiff be denied any further leave to amend her § 1981 claim, because Plaintiff may be able to cure the deficiencies identified herein with further amendment.

The Court will grant Plaintiff *one final opportunity* to amend her § 1981 claim. Because Plaintiff's § 1981 claim contains no allegations against the individual Defendants in this action and only concerns alleged intentional discrimination by her former employer, Plaintiff's § 1981 claim is dismissed with prejudice as to all currently named Defendants, and Plaintiff is only granted to amend her § 1981 claim against her former employer, Amazon.com Services LLC.

### G. Stay of Filings and Potential Sanctions

As discussed in Defendants' recently filed Motion to Stay All Proceedings, Motions, and Filings, since this litigation began, Plaintiff has filed a plethora of voluminous, redundant, and inappropriate filings. See ECF No. 215. Plaintiff has been warned that continued inappropriate motion practice would result in sanctions or a declaration that she is a vexatious litigant. See ECF No. 196. Yet since that warning, she has continued to file what appear to be frivolous objections and motions. See, e.g., ECF Nos. 205, 206, 219. In her latest Motion, Plaintiff lists her many motions and objections and the number of days they have been pending. See ECF No. 219. As Plaintiff was advised when she commenced this case, "[f]iling multiple motions requesting the same relief is a litigation tactic that strains the resources of the Court and generally delays a decision in the case. The Court may impose sanctions on parties who engage in such litigation

tactics." <u>See</u> ECF No. 4. As discussed in this Order, the Court finds only *one claim* can proceed against *one defendant* in this action, which renders most of the parties' filings to date moot and demonstrates how Plaintiff's pattern of repetitive inappropriate filings wastes the resources of the Court and the parties and delays a decision on the merits her claim.

This Court has inherent authority "to manage [its] dockets . . . with a view toward the efficient and expedient resolution of cases." <u>Cahill v. Insider Inc.</u>, 131 F.4th 933, 938 (9th Cir. 2025) (quoting <u>Dietz v. Bouldin</u>, 579 U.S. 40, 45 (2016). In light of Plaintiff's pattern of filing in this case, and pursuant to the Court's inherent authority to manage its docket, the Court finds it necessary to continue the current stay on discovery and issue a stay on all filings other than (1) Plaintiff's fourth amended complaint in compliance with this order (2) briefing on any motion to dismiss in response to Plaintiff's forthcoming fourth amended complaint or an answer filed by Amazon.com Services LLC and (3) necessary administrative filings such as a notice of change of address or withdrawal of counsel. Plaintiff is reminded that she "may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause," and this Court will not find good cause unless Plaintiff can explain why she was unable to file the supplemental material in the initial filing, by the deadline. <u>See</u> LR 7-2(g).

The stay will remain in place pending either the filing of an answer by Amazon.com Services LLC or the Court's resolution of any motion to dismiss by Amazon.com Services LLC. Any filing by Plaintiff in violation of this stay and without leave of Court does not require a response from Amazon.com Services LLC. Plaintiff is warned that continued filings in violation of this Order will be stricken from the docket and may result in sanctions, including but not limited to the dismissal of this case with prejudice.

**III.   CONCLUSION**

For the foregoing reasons, **IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 141) is **ACCEPTED** and **ADOPTED IN PART** and **MODIFIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII, ADA, FMLA, IIED, and defamation claims are **DISMISSED against ALL DEFENDANTS with prejudice.**

**IT IS FURTHER ORDERED** that Defendant Amazon.com, Inc. is **DISMISSED** from this action **with prejudice.** The Clerk of Court is kindly instructed to update the docket accordingly.

**IT IS FURTHER ORDERED** that Defendants William A. Morgan, Kay Burgess, Matthew Pearce, Eduardo Escalante, Mikenna McEntee, Timothy Eichorn, Darell Baldwin, DeVone Bitseedy, Michael Kaiser, and JaNon Pescio are **DISMISSED** from this action **with prejudice.** The Clerk of Court is kindly instructed to update the docket accordingly.

**IT IS FURTHER ORDERED** that Plaintiff is granted **limited** leave to amend her claim for racial discrimination under 42 U.S.C. § 1981 against Amazon.com Services LLC **ONLY**. Plaintiff must file her fourth amended complaint under § 1981 against Amazon.com Services LLC on or before **April 15, 2026**. The fourth amended complaint must cure the deficiencies in Plaintiff's § 1981 claim that are identified in this Order. Amazon.com Services LLC may then file a motion to dismiss or answer consistent with the Federal Rules of Civil Procedure. Plaintiff's failure to file a fourth amended complaint by **April 15, 2026** will result in the closure of this case.

**IT IS FURTHER ORDERED** that the pending (ECF Nos. 42, 44, 66, 68, 71, 73, 103, 130, 143, 147, 160, 178, 179, 180, 182, 192, 200, 201, 205, 206 and 219) Motions and Objections are **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Defendants' (ECF No. 215) Motion to Stay Case is **GRANTED** as follows: (1) discovery will remain **STAYED** pending either the Court's resolution of any forthcoming motion to dismiss Plaintiff's fourth amended complaint or the filing of an answer by Amazon.com Services LLC; (2) all other filings other than those discussed above are **STAYED** pending further order of the Court. Future filings by Plaintiff in violation of this Order will result in appropriate sanctions without further warning.

**DATED:** March 18, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**