**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| KASEY STARKEN,<br>Plaintiff,<br>v.<br>AMAZON.COM, INC., *et al.*,<br>Defendant. | Case No. 2:25-cv-00045-RFB-EJY<br>**ORDER DENYING PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION FOR RECUSAL** |

Before the Court for consideration is Plaintiff's Objection to an Order Denying Plaintiff's Motion for Recusal entered by the Honorable Elayna J. Youchah, United States Magistrate Judge (ECF No. 176).[1] For the following reasons, the Court overrules the Plaintiff's objection and affirms Judge Youchah's order in full.

On October 30, 2025, Plaintiff moved to recuse Judge Youchah, alleging that Judge Youchah held Amazon.com, Inc. stock, and therefore could not remain impartial in Plaintiff's case. <u>See generally</u> ECF No. 164. On November 6, 2025, Magistrate Judge Youchah issued an order denying Plaintiff's Motion for Recusal (ECF No. 172) ("the Recusal Denial"). On November 20, 2025, Plaintiff timely filed an objection to the Recusal Denial (ECF No. 176). <u>See</u> 28 U.S.C. § 636(b)(1); LR IB 3-1(a).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Per this Court's Local Rules, the district court may reconsider a matter that may be finally determined by a magistrate judge—*e.g.*, recusal—if the magistrate judge's order is "clearly erroneous or contrary to law." LR IB 1-3; 3-1(a). A finding is clearly erroneous when the court, after reviewing the entire evidentiary record,

---

[1] Upon the Court's review, ECF No. 175 and ECF No. 176 appear to be the same filing. Accordingly, the Clerk of Court is instructed to strike ECF No. 175 as a duplicative filing. <u>See</u> Fed. R. Civ. P. 12(f)(1).

is left with the definite and firm conviction that a mistake has been committed. See Laxalt v. McClatchy, 602 F. Supp. 214, 217–18 (D. Nev. 1985).

The standard for recusal is objective: recusal is appropriate only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be reasonably questioned. See Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1178 (9th Cir. 2005) (internal citations and quotation marks omitted). The source of alleged impartiality must be "extrajudicial," meaning a source other than the proceedings in which a motion to recuse is filed. Liteky v. United States, 510 U.S. 540, 548 (1994). "Disqualification should not be based on tenuous speculation . . . . There are policy reasons why a judge does have an obligation not to recuse himself when no probative evidence reasonably gives rise to doubt as to his impartiality." Laxalt, 602 F. Supp. at 217–18.

First, Plaintiff initially alleged that Judge Youchah held Amazon.com, Inc. stock and therefore could not be impartial. See ECF No. 164. In the Recusal Denial, Judge Youchah denied such ownership of Amazon.com, Inc. stock. See ECF No. 172 at 1. In Plaintiff's objection to the Recusal Denial, no further support for Plaintiff's initial position is offered. Because there is no probative evidence supporting Plaintiff's allegations, the Court sees no reason to question Judge Youchah's Order.

Plaintiff further alleges that the Recusal Denial is erroneous because "there are other serious reasons provided supporting recusal other than financial interest," including fabricated legal standards, procedural irregularities, and factual findings. See generally ECF No. 176. The Court has reviewed Judge Youchah's orders, discretionary case management, and fact-finding, and finds that disqualification is unwarranted.

Accordingly, the Court finds that the Recusal Denial was not clearly erroneous nor contrary to law.

///

///

///

///

///

**IT IS THEREFORE ORDERED** that the Court **AFFIRMS** Magistrate Judge Youchah's Order Denying Plaintiff's Motion for Recusal (ECF No. 172).

**IT IS FURTHER ORDERED** that Plaintiff's objection to the Recusal Denial (ECF No. 176) is **OVERRULED**.

**DATED:** September 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**